STATE, EX REL. PAUL F. GOOD, ATTORNEY GENERAL, RELATOR, V. ISAAC STANLEY COOPER, RESPONDENT.

FILED DECEMBER 11, 1936. No. 29084.

*William H. Wright, Attorney General,* and *Paul P. Chaney,* for relator.

*Charles F. Stroman,* for respondent.

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and RAPER, District Judge.

PER CURIAM.

This is a proceeding instituted by the attorney general

in the name of the state of Nebraska for the disbarment of Isaac Stanley Cooper, a duly licensed attorney and counselor at law of the state of Nebraska.

The charge against defendant is that he wilfully, unlawfully and maliciously did attempt to obstruct and hinder the due administration of justice in a case then pending in the district court for York county, Nebraska. To the information defendant answered, admitting certain formal allegations, and entered a plea of *nolo contendere* to that part of the information which charges the commission of the unlawful acts by the defendant.

The record discloses that defendant was convicted in the district court for York county for contempt of court for the same acts for which it is sought to disbar him in this action. This cause is submitted to this court upon a motion by the state for a judgment upon the record and, by stipulation of the parties, the defendant's record of conviction for contempt and the evidence taken upon that hearing are made a part of the record in this case.

From the record it appears that one Marsden was being prosecuted in the district court for York county on a criminal charge, and that defendant herein was acting as his attorney; that one Keading was a material witness for the state in that prosecution, and that defendant unlawfully induced said witness to depart from the county of York and secrete his whereabouts so that he could not be used as a witness at the time the cause was set for trial. Such conduct cannot be condoned. Defendant induced a material witness for the state to absent himself so that his testimony would not be available in the prosecution against defendant's client. This is a flagrant breach of professional duty as an attorney at law and merits disbarment. The motion of the state for judgment on the record is sustained.

It is therefore ordered and adjudged that defendant's license to practice law in the state of Nebraska be and hereby is canceled and set aside and his name stricken from the roll of attorneys and counselors at law of the state of Nebraska. Under the rules of procedure for disciplining at-

torneys by this court and No. 14 of such rules, defendant may, if. he so elects, at the expiration of one year, apply for reinstatement.

JUDGMENT OF DISBARMENT.